IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JAMES W. FORD,                          )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )        Case No. CIV-07-1299-M
                                        )
MICHAEL J. ASTRUE,                      )
Commissioner of the Social              )
Security Administration,                )
                                        )
            Defendant.                  )

## REPORT AND RECOMMENDATION

Plaintiff James Ford seeks judicial review of a denial of benefits by the Social

Security Administration ("SSA").   The Court should reverse and remand for further

proceedings.

I.      BACKGROUND

Mr. Ford applied for supplemental security income based on an alleged disability.

Administrative Record at pp. 50-51 (certified Jan. 16,  2008) ("Rec.").  The SSA denied the

application,[1] and the present action followed with Mr. Ford alleging legal error in the

consideration of opinions by two physicians.

II.     STANDARD OF REVIEW

The Court must determine whether the SSA's decision is based on substantial

evidence and the correct legal standard.  *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th

---

[1]      Rec. at pp. 5-7, 12, 19-20, 22-23.

Cir. 2005).  If the SSA's decision lacks substantial evidence or is based on an incorrect legal standard, reversal is necessary.  *See Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) ("if the [administrative law judge] failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence").

III.   FAILURE TO DISCUSS OPINIONS FROM DR. RATHGEBER AND DR. MARTIN

Mr. Ford claims error in the consideration of opinions rendered by: (1) a treating physician, Dr. Mark Rathgeber; and (2) an agency psychologist, Dr. Michael Martin. According to the Plaintiff, the administrative law judge ignored parts of both opinions without any explanation.  Mr. Ford is correct.

A.     Duty to Discuss the Opinions from Treating and Agency Physicians

The SSA provides different standards for the evaluation of opinions offered by a treating physician and a non-examining medical source provided by the SSA.

Duty to Discuss the Opinion of a Treating Physician

An administrative law judge must follow a specific process when he assesses a treating source's opinion.  First, the judge must determine whether the opinion qualifies for controlling weight.  *See Robinson v. Barnhart*, 366 F.3d 1078, 1082 (10th Cir. 2004) (*per curiam*).  This evaluation entails a determination of whether the opinion is "'well-supported by medically acceptable clinical and laboratory diagnostic techniques.'"  *Id.* (citation omitted).  If not, the inquiry ends.  *See id.*  But if the opinion is well-supported, the judge

must confirm that the opinion is consistent with other substantial evidence in the record.  *See id.*  If the opinion is deficient, it is not entitled to controlling weight.  *See id.*  At that point, the administrative law judge must consider multiple factors[2] and "give good reasons" for the weight assigned to the opinion.  *Id.*  The judge may reject a treating source's opinion outright only on the basis of contradictory medical evidence.  *See id.*  If the judge rejects the opinion completely, he must give "'specific, legitimate reasons.'"  *Id.* (citation omitted).

<u>Duty to Discuss the Opinion of an Agency Physician</u>

Under Social Security Ruling 96-6p, administrative law judges "may not ignore [the] opinions [of agency physicians] and must explain the weight given to these opinions in their

---

[2]     These factors include:

(1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the [administrative law judge's] attention which tend to support or contradict the opinion.

*Robinson v. Barnhart*, 366 F.3d at 1082 (citing 20 C.F.R. § 404.1527 & Social Security Ruling 96-2p).

decisions."[3]  Thus, the Tenth Circuit Court of Appeals has required administrative law judges to discuss and weigh the opinions of agency doctors.[4]

      B.      Opinions by Dr. Rathgeber and Dr. Martin

Dr. Rathgeber, a treating physician, completed mental medical source statements in March and November 2006.  *See* Rec. at pp. 162-65, 176-79.  An agency psychologist, Dr. Martin, prepared a similar report in November 2006.  *See id.* at pp. 170-73.

In his reports, Dr. Rathgeber opined that the Plaintiff suffered from "moderate" or "marked" limitations in the ability to:

- understand, remember, and carry out detailed instructions,

- maintain attention and concentration for extended periods,

- perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances,

- work in coordination with or proximity to others without distraction,

- get along with coworkers or peers without distracting them or exhibiting behavioral extremes,

---

[3]    Social Security Ruling 96-6p, Policy Interpretation Ruling Titles II and XVI: Consideration of Administrative Findings of Fact by State Agency Medical and Psychological Consultants and Other Program Physicians and Psychologists at the Administrative Law Judge and Appeals Council Levels of Administrative Review; Medical Equivalence, 1996 WL 374180, Westlaw op. at 1 (July 2, 1996); *see also Nielson v. Sullivan*, 992 F.2d 1118, 1120 (10th Cir. 1993) ("The [SSA's] rulings are binding on an [administrative law judge]." (citation omitted)).

[4]    *See Shubargo v. Barnhart*, 161 Fed. Appx. 748, 753-54 (10th Cir. Dec. 13, 2005) (unpublished op.) (reversing based on the administrative law judge's failure to discuss an opinion by a state agency physician); *Tiger v. Apfel*, 141 F.3d 1186, 1998 WL 166246, Westlaw op. at 2 (10th Cir. Apr. 7, 1998) (unpublished op.) (holding that the administrative law judge's failure to "discuss and weigh" opinions by an agency psychologist had constituted error).

- maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness,

- respond appropriately to changes in the work setting,

- travel in unfamiliar places or use public transportation,

- set realistic goals or make plans independently of others.

- sustain an ordinary routine without special supervision,

- make simple work related decisions,

- complete a normal workday and workweek without interruption from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods,

- interact appropriately with the general public, and

- accept instructions and respond appropriately to criticism from supervisors.

*Id.* at pp. 162-64, 176-78.

In November 2006, Dr. Martin also concluded that the Plaintiff suffered from "moderate" limitations in the ability to:

- maintain attention and concentration for extended periods,

- sustain an ordinary routine without special supervision,

- accept instruction and respond appropriately to criticism from supervisors, and

- get along with coworkers or peers without distracting them or exhibiting behavioral extremes.

*Id.* at p. 171.

5

The Plaintiff contends that the administrative law judge had failed to discuss any of the reports. Mr. Ford arguably overstates the error because the administrative law judge's residual functional capacity ("RFC") findings could be read to include limitations involving the ability to:

- understand, remember, or carry out detailed instructions and

- sustain an ordinary routine without special supervision.

*Id.* at p. 15.[5] But the administrative law judge failed to address any of the other "moderate" or "marked" limitations reflected in the three medical reports.

The Tenth Circuit Court of Appeals addressed a similar issue in *Haga v. Astrue*, 482 F.3d 1205 (10th Cir. 2007). There an examining doctor assessed the plaintiff's mental RFC. *See Haga v. Astrue*, 482 F.3d at 1207. The doctor concluded that the claimant had suffered from moderate limitations in the ability to:

- understand, remember, and carry out detailed instructions,

- deal with the general public,

- interact appropriately with supervisors and coworkers, and

- respond appropriately to workplace pressures and changes.

*Id.* The administrative law judge's RFC assessment apparently reflected some of the limitations, as the appeals court commented:

---

[5]     The administrative law judge concluded that the Plaintiff was "able to understand, remember, and carry out simple instructions in a work-related setting, and [was] able to interact with co-workers and supervisors, under routine supervision." Rec. at p. 15.

6

> By including in his RFC determination that [the claimant] was limited to
> "simple, repetitive tasks" with "only incidental contact with the public" and
> "no requirement for making change," the [administrative law judge] apparently
> accepted that [the claimant] [was] not able to "[u]nderstand and remember
> detailed instructions," "[c]arry out detailed instructions," or "[i]nteract
> appropriately with the public," all categories that [the state agency physician]
> marked as moderately impaired.

*Id.* at 1208 (citations omitted).  But the judge failed to explain his rejection of the limitations

involving the plaintiff's ability to deal with supervisors and coworkers and respond to

workplace pressures and changes.  *Id.*  As a result, the Tenth Circuit Court of Appeals

concluded "that the [administrative law judge] should have explained why he [had] rejected

four of the moderate restrictions on [the physician's] RFC assessment while appearing to

adopt the others."  *Id.* (citation omitted).

*Haga* compels reversal and remand.  As in *Haga*, the administrative law judge

adopted some of the restrictions assessed by Dr. Rathgeber and Dr. Martin.  But without

explanation, the judge failed to address a significant number of other limitations.  The *Haga*

court held that such selectivity constitutes reversible error, and the same is true here.[6]

The Commissioner argues that Dr. Rathgeber had ultimately concluded that the

Plaintiff was not disabled and that the earlier assessments could have been questioned in light

of the medical evidence.  These arguments are invalid.

---

[6]     *See Frantz v. Astrue*, 509 F.3d 1299, 1303-1304 (10th Cir. 2007) (reversing for
reconsideration of mental RFC evidence under *Haga* when the administrative law judge had
discussed some of the limitations identified by a doctor, but had omitted others without any
explanation).

First, Mr. Astrue contends that in February 2007, Dr. Rathgeber had abandoned his earlier assessments. This contention is incorrect.

In February 2007, Dr. Rathberger stated:

> I don't believe there is honest justification for disability because he has shown an ability to be able to get a job, it is just that after he stays on the job for a few days or a few weeks, he frequently gets frustrated and quits. I told him that he needs to find himself a job and stick with it, no matter what.

Rec. at p. 180.

The Defendant's argument is invalid. Dr. Rathgeber did not say in February 2007 that he was retreating from his earlier opinions. Indeed, the earlier opinions related to Mr. Ford's functional limitations and the subsequent remarks pertained to Dr. Rathgeber's opinion on the ultimate issue of fact, the existence of a disability. *Cf.* 20 C.F.R. § 416.927(e)(1) (stating that medical source opinions on the existence of a disability are not conclusive because the issue is reserved to the Commissioner). If the comments about the ability to work had conflicted with the earlier functional assessments, the administrative law judge would have had an obligation to recontact Dr. Rathgeber for clarification.[7] The judge did not seek clarification, and the Court should reject the Defendant's argument involving inconsistencies in Dr. Rathgeber's conclusions.

The Defendant also points to evidence involving:

---

[7]     *See* 20 C.F.R. § 416.912(e)(1) ("We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved . . . ."); *see also Bibbs v. Apfel*, 3 Fed. Appx. 759, 761-62 (10th Cir. Jan. 19, 2001) (unpublished op.) (stating that the administrative law judge had a duty to recontact the physician if his opinions had been internally inconsistent).

- the Plaintiff's stable mental condition while on medication,

- reports that things were "going well" in May and July 2003,

- Mr. Ford's deteriorating mental condition while not taking his medication, and

- a report in January 2006 that the Plaintiff had matured, was more alert and able to pay attention, and was agreeable and cooperative.

But the administrative law judge did not express any of these rationales, and the Court should disregard the Defendant's *post hoc* rationalizations.[8]

Mr. Astrue also asserts that the administrative law judge could decline to address Dr. Martin's opinions because they involved only "moderate" limitations. As the Defendant points out, Dr. Martin's form defined a "moderate" limitation" as one "[a]ffect[ing] but . . . not preclud[ing] ability to perform basic work functions." Rec. at p. 170. This argument is self-defeating because the administrative law judge had a duty to assess the RFC in light of all the medical evidence, even when it reflected an impairment that was not considered severe. *See* 20 C.F.R. § 416.945(e).

The Tenth Circuit Court of Appeals addressed a virtually identical issue in *Haga v. Astrue*, 482 F.3d 1205 (10th Cir. 2007). As discussed above, the *Haga* court held that an administrative law judge had committed reversible error in the failure to discuss a consulting doctor's multiple assessments of moderate mental restrictions. *See supra* pp. 6-7. In opposing reversal, the defendant "argue[d] that a 'moderate' impairment, as defined on the

---

[8]      *See Haga v. Astrue*, 482 F.3d 1205, 1207-1208 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the [administrative law judge's] decision that are not apparent from the [judge's] decision itself." (citation omitted)).

mental RFC form, mean[t] that the 'individual [was] still able to function satisfactorily.'"

*Haga v. Astrue*, 482 F.3d at 1208 (citation omitted).[9]  The Court of Appeals rejected this

argument, reasoning that "a moderate impairment was not the same as no impairment at all

. . . ." *Id.*

    *Haga v. Astrue* is governing.   Under this decision, the Court should reject the

Defendant's explanation for the administrative law judge's disregard of Dr. Martin's

assessment of "moderate" limitations.

## IV.    RECOMMENDATION AND NOTICE OF THE RIGHT TO OBJECT

    The Court should reverse and remand for further proceedings.

    Any party may file written objections with the Clerk of the United States District

Court. *See* 28 U.S.C. § 636(b)(1) (2000).  The deadline for objections is September 16, 2008.

*See* W.D. Okla. LCvR 72.1.  The failure to file timely objections would result in waiver of

the right to appeal the suggested ruling.   *See Moore v. United States*, 950 F.2d 656, 659 (10th

Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised

for the first time in objections to the magistrate judge's recommendation are deemed

waived.").

---

[9]    In the federal district court, the magistrate judge quoted the "Medical Source Statement" form.  There the word "Moderate" was defined to mean that "the individual [was] still able to function satisfactorily."  *Haga v. Barnhart*, Case No. 05-CV-13-CVE-FHM, slip op. at 5-6 (N.D. Okla. Feb. 15, 2006) (unpublished report and recommendation by magistrate judge) (record citation omitted), *adopted* (N.D. Okla. Mar. 23, 2006) (unpublished order by district judge), *reversed*, 482 F.3d 1205 (10th Cir. 2007).

V.      STATUS OF THE REFERRAL

The referral is terminated.

Entered this 27th day of August, 2008.

_Robert E. Bacharach_

Robert E. Bacharach
United States Magistrate Judge